UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN BOWER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-524 |
| | § | |
| EXECUTIVE SURF CLUB, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING MOTION FOR COURT APPOINTED COUNSEL

On this day came on to be considered Plaintiff John Bower's Motion for Court Appointed Counsel. (D.E. 6). For the reasons discussed herein, Plaintiff's Motion is DENIED.

Plaintiff, proceeding *pro se* and *in forma pauperis*, is seeking relief under the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* and Civil Rights Act of 1964 ("Civil Rights Act"), 42 U.S.C. §§ 2000a *et seq*. Plaintiff now requests court-appointed counsel to represent him in these matters.

Although defendants in criminal actions have a constitutional right to be represented by an attorney, it is widely recognized that no such concurrent right is possessed by parties to civil actions. *See, e.g., Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Indigent parties in civil actions who are unable to attain counsel, however, may apply for the court appointed counsel under 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel). The decision to appoint counsel under 28 U.S.C. § 1915(e)(1) lies within the court's discretion.

Courts only appoint counsel for civil rights plaintiffs in "exceptional circumstances." In the Fifth Circuit, the term "exceptional circumstance" is not defined; rather, it is determined by considering the following factors: (1) the type and complexity of the case; (2) whether the party

is capable of adequately presenting and investigating his case; (3) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and (4) the likelihood that appointment will benefit the party, the court, and the opposing parties by shortening the trial, sharpening the issues of the case, and assisting in just determination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 192). District courts may also consider the extent to which the party has sought to secure private counsel. *See Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). In light of these factors, the Court does not find "exceptional circumstances" in this case that warrant appointing counsel for Plaintiff.

First, Plaintiff's claims are not complex; they are standard discrimination claims based on the ADA and the Civil Rights Acts. Plaintiff's claims do not involve difficult-to-comprehend statutes or regulations, nor do they require excessive discovery or document review. The elements of Plaintiff's claims are straightforward.

The second factor weighs most heavily in favor of appointing counsel when the requesting party lacks the mental capacity to present his case, or is incarcerated and thus unable to investigate his claims. *See, e.g.*, *Parker*, 978 F.2d at 193; *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978), *cert denied sub nom. Leeke v. Gordon*, 439 U.S. 970 (1978). In this case, even though Plaintiff says he lacks the capacity to handle his case, the Court does not find that to be so. (D.E. 6 at 2). Plaintiff has now filed two briefs with the Court and appeared at a hearing before a Magistrate Judge. (D.E. 1, 4, 6). Plaintiff does not lack the mental capacity to understand the issues or present his arguments. Nor is Plaintiff unable to investigate his claims. Plaintiff is not incarcerated, or physically unable to pursue evidence he may need. The Court finds that Plaintiff is capable of adequately presenting and investigating his case.

Thus, the Court does not find "exceptional circumstances" that warrant appointing counsel for Plaintiff. The Court recognizes Plaintiff's claim that he has been unable to find representation despite searching "all Over Texas." (D.E. 6 at 3). Plaintiff's inability to find counsel, however, does not outweigh the fact that exceptional circumstances do not exist in this case. Accordingly, Plaintiff's Motion for Court Appointed Counsel is DENIED.

SIGNED and ORDERED this 1st day of February, 2016.

_____
Janis Graham Jack
Senior United States District Judge