Case 2:15-cv-00524   Document 8   Filed in TXSD on 02/02/16   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOHN BOWER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-524 |
| § | |
| EXECUTIVE SURF CLUB, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER OF DISMISSAL

On this day, the Court *sua sponte* DISMISSES without prejudice Plaintiff's American with Disabilities Act ("ADA") claims, 42 U.S.C. §§ 12101 *et seq.*, and Civil Rights Act of 1964 ("Civil Rights Act") claims. 42 U.S.C. §§ 2000a *et seq.* When a plaintiff proceeds *in forma pauperis*, a court may dismiss the plaintiff's case if satisfied that it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A court may *sua sponte* dismiss an action prior to service of process. *See Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). In this case, the Court dismisses without prejudice all of Plaintiff's claims because Plaintiff has failed to state a claim upon which relief can be granted.

**I.     JURISDICTION**

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is appropriate in this Court because a substantial part of the events or omissions giving rise to the claim arose in this judicial district. 28 U.S.C. § 1391(b). The Court has personal jurisdiction over Defendants because the causes of action arose within this judicial district as a result of Defendants' actions within this district.

## II.  STANDARD OF REVIEW

Plaintiff is proceeding *in forma pauperis*, and therefore his complaint is subject to 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court.[1] Section 1915(e)(2)(B) provides for *sua sponte* dismissal of a complaint if the Court finds that: (1) it is frivolous or malicious; (2) it fails to state a claim upon which relief may be granted; or (3) it seeks monetary relief against a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculation level. *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id*. In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993) (citation omitted). Further, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to prevent dismissal for failure to state a claim. *Fernandez-Montez*, 987 F.2d at 284. The complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] Section 1915(e)(2)(B) applies equally to prisoner, as well as non-prisoner, *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission,* 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B))

678 (2009) (citation omitted).  Dismissal is appropriate "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Newsome*, 301 F.3d at 231.

### III.    BACKGROUND

Plaintiff John Bower ("Bower") is a 67-year old Caucasian male who suffers from autism, bipolar disorder, and attention deficit disorder ("ADD").  Although he is not homeless, Bower is financially disadvantaged.  At a December 28, 2015 hearing in front of Magistrate Judge Jason Libby, Bower said that all his income comes from government assistance. (D.E. 4 at 4).  Bower further asserts that he is a practitioner of the Baha'i faith, which requires him to evangelize and "love everybody . . . actively."  *Id.* at 16.  Bower claims that Defendant restaurants and Lisa Aguilar ("Aguilar") violated the ADA and Civil Rights Act by discriminating against Bower because he is Caucasian, male, Baha'i, and has mental impairments.  (D.E. 1 at 4-7).  Bower seeks injunctive relief, prohibiting Defendants from refusing him service, and several million dollars in damages to be made payable to St. Jude's Children's Research Hospital in Memphis, Tennessee.  *Id.* at 10.

Bower testified that sometime during December 2014/January 2015, he was physically removed from the Executive Surf Club by a manager for talking to three, unaccompanied female minors approximately 16 years old.  (D.E. 1 at 2; D.E. 4 at 20).  Bower testified that the police were not called because of this incident.  On February 3, 2015, Bower was orally banned from the Executive Surf Club by the same manager after Bower told two female minors, approximately six and eight years old, that they "make this place very—much more pretty," after following them to a video game area outside of their parents' presence.  (D.E. 4 at 21-22).  In both his Complaint and at the hearing, Bower said the police were called after he refused to leave

the restaurant and he was informed he was banned from the Executive Surf Club for "talking to children" and for "unsolicited conversations" with other patrons. (D.E. 1 at 2).

Bower testified he was refused service and told not to come back to Dos Comales on or about February 17, 2015 after being told he was "bothering customers." (D.E. 4 at 29). Bower was told by a Dos Comales manager that other customers could talk to him, but he could not talk to the customers. *Id.* at 5. Bower testified that he called the police himself because he was being refused service. *Id.* at 26. The police did not take any action. Bower said the Dos Comales manager falsely stated that Bower "was warned several times of customer complaints; that he was always bothering customers and children . . . screamed and yelled; did not tip waitresses, and stayed six hours . . . ." (D.E. 1 at 3).

Bower does not recall the date he was refused service and/or removed from the Downtown Grill. He said that sometime in 2015 a manager would not serve him at the restaurant because a female patron had called management after leaving, complaining Bower made her uncomfortable. Bower testified that while he had spoken with a woman who was holding her baby on her lap, she was comfortable during the conversation. (D.E. 4 at 30-32). Bower asserts that a customer's "alleged discomfort is not grounds for denying service much less banning." (D.E. 1 at 3). Bower further testified that a Downtown Grill female manager called the police after he approached a grandfather and his eight-year old crying granddaughter to ask if she was okay. Bower said the female manager falsely accused him of touching children. (D.E. 4 at 32-35). Bower testified that he would only engage children in conversation after speaking with their parents and, in his Complaint, states it is "his policy NOT to touch children unless they hugged him or gave him a 'high five' or handshake" and "to suggest that talking to children or touching them is somehow unacceptable is not only ludicrous, hateful, sexist but [sic] despicable beyond

words and obviously illegal . . . ." (D.E. 1 at 8, 9).  Bower also said that if he were a woman, there would be no issue with him interacting with children.  (D.E. 4 at 13).

In his Complaint, Bower alleges that Subway and Whataburger "refused to give a reason for the bans so they are obviously illegal." (D.E. 1 at 4).  At the hearing, Bower said he is no longer banned from Subway and no longer wished to pursue his claims against it.  (D.E. 4 at 35).  He also said that a Whataburger manager orally banned him from the restaurant sometime in 2015 after the manager told him several times that he was getting complaints from other patrons about Bower's behavior.  *Id.* at 35-36.  Bower testified that he believed he should not be banned without the manager first informing him how to change his behavior.  Bower also asserted at the hearing that all Defendant restaurants could ask him to leave, but could not ban him from their respective establishments.  *Id.*

Lastly, Bower asserts that Aguilar, a "lawyer in charge of 'Human Resources,'" improperly dismissed his complaints about Defendants' behavior and failed to properly investigate "because the police were called." (D.E. 1 at 7).  At the hearing, Bower said Aguilar was in charge of processing administrative complaints filed against local restaurants.  (D.E. 4 at 37).  By allowing her subordinates to dismiss his complaints, Bower alleges, she failed to enforce his civil rights.  *Id.* at 38-39.  Bower is not seeking relief from the City of Corpus Christi, but from Aguilar personally.  *Id.*

## IV. ANALYSIS

### a. Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

Bower asserts he is entitled to relief under Title III of the ADA for Defendants' failure to accommodate his mental disabilities.  Title III of the ADA makes it unlawful for "public accommodations," such as hotels, retail establishments, and restaurants, to discriminate against

individuals with disabilities in the provision of "goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. §§ 12181(7)(A) and (B) and 12182(a). To assert a viable claim under this provision, a plaintiff must allege: (1) he has a disability; (2) the place the defendant owns, leases or operates is a place of public accommodation; and (3) he was denied full and equal enjoyment because of his disability. *Id.* § 12182(a). There are two main problems with Bower's ADA claims. First, Bower did not allege that he has a qualified disability. Second, Bower did not allege that he was discriminated against because of his qualified disability. As such, Bower has failed to state an ADA claim upon which relief may be granted.

To obtain relief under the ADA, a plaintiff must plead that he is disabled within the meaning of the Act, as merely having an impairment does not make a person disabled for the purposes of the ADA. A plaintiff must plead that he has a "physical or mental impairment that substantially limits one or more of the major life activities." *Id*. § 12102(1). "Major life activities" include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 29 C.F.R. § 1630.2(i). "Substantially limits" is defined as being restricted in performing a major life activity as compared to most people in the general population. *Id*. § 1630.2(j). "[N]ot every impairment will constitute a disability within the meaning of this section." *Id.*

Although Bower alleges that he suffers from autism, bipolar disorder, and ADD, he does not allege that these impairments substantially limit one or more of life's major activities. In addition, at his hearing, Bower was articulate, able to quickly and thoroughly respond to questions, and conducted himself appropriately in a courtroom setting. Further, Bower testified he has a Master's degree in Constitutional Development, is trained and has worked as a Special Ed teacher, and worked at Walmart, even though he is currently unemployed and lives alone.

(D.E. 4 at 5-7). Nothing in Bower's Complaint or his participation at the hearing indicates that he is substantially limited according to the ADA.

Even if Bower has a qualified disability, he did not allege that he was denied access to the goods and services provided by Defendants because of his disabilities. 42 U.S.C. § 12182(a). Prior to being refused service, Bower had dined at all Defendant restaurants on previous occasions. Further, Bower stated that the Defendants' managers asked him to leave their restaurants because he was approaching unaccompanied minors, touching unaccompanied minors, an adult female customer called to complain Bower made her feel uncomfortable, and several patrons complained to Defendants' managers about Bower's behavior. Bower also said that several of Defendants' managers stated that they refused him service for "talking to children" and for "unsolicited conversations" with other patrons, and Bower "was warned several times of customer complaints, always bothered customers and children . . . screamed and yelled, did not tip waitresses and stayed six hours . . . ." Although Bower asserts these reasons were false, he does not dispute that he frequently approached other customers to engage them in conversation, including unaccompanied minors, and was told by several of Defendants' managers to stop doing so prior to being refused service. Therefore, in regards to Defendant restaurants, Bower has failed to state an ADA claim upon which relief may be granted because nothing in his Complaint or testimony alleged that he was refused service because of a qualified disability.

As to Bower's allegations against Aguilar, Bower's Title III claims are misplaced because Aguilar does not own, lease, or operate a place of public accommodation. *Id.* § 12182(a). Further, Bower failed to state what entity employs Aguilar or even a description of when or how he made a complaint to her office. Additionally, while the Court considers

Bower's complaint—in light of his *pro se* status—as alleging claims under Title II[2] as well as Title III, Bower testified at the hearing that he wished to proceed against Aguilar personally, not the City of Corpus Christi. Title II applies to public entities, which includes any department, agency, special purpose district, or other instrumentality of a State or States or local government. 42 U.S.C. § 12131(1). Title II does not include individuals. Therefore, Title II does not apply to Aguilar. Further, as discussed above, to the extent Bower would seek to amend his Complaint to include the City of Corpus Christi, Bower does not allege any discrimination that occurred on account of a qualified disability.

Therefore, the Court dismisses all of Bower's ADA claims for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

      b.      **Civil Rights Act, 42 U.S.C. §§ 2000a *et seq.***

Bower also alleges that Defendants violated the Civil Rights Act, 42 U.S.C.A. § 2000a(a), which states: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." A restaurant is included as a place of public accommodation. *Id*. § 2000a(b)(2).

Bower alleges that "[i]t is also clear were he Chinese or Hispanic in Dos Comales there would be no problem. If it were not for his Baha'i Faith Plaintiff would not talk to anyone in public because of his shy autistic nature but the Baha'i writings require him to . . . ." (D.E. 1 at

---

[2] Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the service is, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132.

4). Bower appears to raise claims related to his race, gender, and religion. However, as with his ADA claims, Bower fails to plead that he was discriminated against because of his race, gender, or religion. Instead, Bower makes "conclusory allegations or legal conclusions masquerading as factual conclusions." *Fernandez-Montez*, 987 F.2d at 284. Further, at the hearing, Bower testified that none of the Defendants' managers knew he was a practitioner of the Baha'i faith. As such, it is impossible for Bower to assert he was discriminated against because of his religion. Rather, Defendants' actions were based on non-discriminatory reasons—Bower repeatedly disrupted patrons and spoke to unaccompanied minors.

Therefore, the Court dismisses all of Bower's Civil Rights Act claims for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## V. CONCLUSION

For the reasons stated herein, the Court DISMISSES without prejudice all of Plaintiff's claims for failure to state claim upon which relief may be granted.

SIGNED and ORDERED this 2nd day of February, 2016.

_____
Janis Graham Jack
Senior United States District Judge